IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YULAI FU,<br>  Plaintiff,<br><br>v.<br><br>STATE FARM LLOYDS,<br>  Defendant. | § § § § § § § § Civil Action No. 1:23-cv-439 RP |

**DEFENDANT STATE FARM LLOYDS' FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant State Farm Lloyds ("State Farm") files its First Amended Original Answer and Affirmative Defenses to Plaintiff's Original Petition ("Original Petition"), and would respectfully show as follows:

## I. AMENDED ANSWER

1. The allegations in paragraph 1 of the Original Petition do not require a response from State Farm; Plaintiff's discovery level averment is moot due to federal court jurisdiction.

2. Upon information and belief, State Farm admits the allegations in paragraph 2 of the Original Petition.

3. With regard to the allegations in paragraph 3 of the Original Petition, State Farm admits only that it is doing business in the State of Texas and that it was properly served with citation in this matter. State Farm denies the remaining allegations in this paragraph.

4. With regard to the allegations in paragraph 4 of the Original Petition, State Farm admits only that the District Court of Travis County, Texas had jurisdiction prior to removal of this case to the Western District of Texas – Austin Division. State Farm admits that the events giving rise to this lawsuit occurred in Bexar County. State Farm denies the remaining allegations in this paragraph.

5. With regard to the allegations in paragraph 5 of the Original Petition, State Farm admits that Plaintiff's property is situated, and the events giving rise to this lawsuit occurred in Travis County, but denies that venue is proper in state court. State Farm admits that venue is proper in the United States District Court, Western District of Texas – Austin Division.

6. With regard to the allegations in paragraph 6 of the Original Petition, State Farm admits that Plaintiff has asserted claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). However, State Farm denies that it is in breach of contract, breached the common law bad faith, and/or has violated the Texas Insurance Code or the Texas DTPA. State Farm denies the remaining allegations in this paragraph.

7. With regard to the allegations in paragraph 7 of the Original Petition, State Farm admits that Plaintiff purchased a homeowners insurance policy from State Farm, issued under Policy No. 53-GC-N396-6, for policy period April 20, 2022 to April 20, 2023 (the "Policy"). The Policy speaks for itself. Upon information and belief, State Farm admits that Plaintiff owned the premises located at 200 Las Lomas Drive, West Lake Hills, Texas 78746 ("the Property").

8. With regard to the allegations in paragraph 8 of the Original Petition, State Farm admits that Plaintiff purchased a homeowners insurance policy from State Farm, issued under Policy No. 53-GC-N396-6. State Farm admits that Plaintiff's Policy contained coverage for water damage, as specified under the terms and conditions of the Policy.

9. With regard to the allegations in paragraph 9 of the Original Petition, State Farm admits that Plaintiff filed a claim under the Policy for water damage to his property occurring on or about May 15, 2022. State Farm denies the remaining allegations in this paragraph.

10. With regard to the allegations in paragraph 10 of the Original Petition, State Farm admits that Plaintiff filed a claim under the Policy for water damage to his property, and that it assigned the identifying number 53-34C9-81J to Plaintiff's claim for damages.

11. With regard to the allegations in paragraph 11 of the Original Petition, State Farm admits that Plaintiff filed a claim under the Policy for water damage to his property. State Farm denies the remaining allegations in this paragraph.

12. With regard to the allegations in paragraph 12 of the Original Petition, State Farm admits it assigned adjuster Andrea Vander Hill ("Hill") to investigate Plaintiff's claim, who in turn enlisted the assistance of water remediation contractor SERVPRO of Lakeway/Westlake, after discussing the use of SERVPRO with Plaintiff and obtaining Plaintiff's authorization to retain SERVPRO. State Farm admits that Ms. Hill worked with SERVPRO representative Erica Mann ("Mann") during the water remediation process of Plaintiff's claim. State Farm admits that SERVPRO representative Abel inspected Plaintiff's property on or about May 18, 2022 to set up remediation equipment. State Farm admits that Ms. Hill inspected Plaintiff's property on or about May 24, 2022 with Plaintiff. State Farm admits that Ms. Hill generated an initial estimate of damages for building repairs totaling $136,048.86 (replacement cost value), from which it deducted depreciation of $6,305.07, based upon information provided by Plaintiff as to when the property was recently remodeled, and from which Plaintiff's deductible of $45,765.00 was aplied, resulting in a total actual cash value payment due to Plaintiff of $83,978.79. State Farm denies the remaining allegations in this paragraph.

13. State Farm admits the allegations in paragraph 13 of the Original Petition.

14. With regard to the allegations in paragraph 14 of the Original Petition, State Farm admits Ms. Hill was initially assigned to investigate Plaintiff's claim. State Farm admits that Ms. Hill first inspected Plaintiff's property on or about May 24, 2022 with Plaintiff. State Farm

3

admits that on or about October 3, 2022, upon reconciling the information having been provided by Plaintiff's contractor and Ms. Hill requesting a supplemental payment of $36, 921.25, Plaintiffs claim was classified as a large loss claim.  On or about October 4, 2022, the claim was reassigned to adjuster Jason Rodriguez ("Rodriguez").  State Farm admits that on or about October 26, 2022, Mr. Rodriguez updated State Farm's estimate to $172,362.72 for building repairs (replacement cost value), from which it deducted depreciation of $5,678.59, based upon information provided by Plaintiff as to when the property was recently remodeled, and from which Plaintiff's deductible of $45,765.00 was applied, resulting in a total actual cash value payment due to Plaintiff of $120,919.13.  State Farm denies the remaining allegations in this paragraph.

15. With regard to the allegations in paragraph 15 of the Original Petition, State Farm admits that on or about October 4, 2022, Plaintiff's claim was reassigned to Mr. Rodriguez.  State Farm admits that on or about January 9, 2023, Mr. Rodriguez completed State Farm's second inspection of Plaintiff's property.  State Farm admits that after the inspection, and upon reconciliation of Plaintiff's new contractor's estimate, Mr. Rodriguez updated State Farm's estimate to $197,636.94 for building repairs (replacement cost value), from which it deducted depreciation of $6,005.58, based upon information provided by Plaintiff as to when the property was recently remodeled, and from which Plaintiff's deductible of $45,765.00 was applied, resulting in a total actual cash value payment due to Plaintiff of $145,866.36.  State Farm denies the remaining allegations in this paragraph.

16. State Farm denies the allegations in paragraph 16 of the Original Petition.

17. State Farm denies the allegations in paragraph 17 of the Original Petition.

18. State Farm denies the allegations in paragraph 18 of the Original Petition.

19. State Farm denies the allegations in paragraph 19 of the Original Petition.

20. State Farm denies the allegations in paragraph 20 of the Original Petition.

21. State Farm denies the allegations in paragraph 21 of the Original Petition.

22. With regard to the allegations in paragraph 22 of the Original Petition, State Farm admits that a portion of the claimed damages relating to the damaged plumbing system/appliance was the result of an excluded event, pursuant to the terms and conditions of Plaintiff's Policy, and was not subject to coverage. State Farm denies the remaining allegations in this paragraph.

23. State Farm denies the allegations in paragraph 23 of the Original Petition.

24. State Farm denies the allegations in paragraph 24 of the Original Petition.

25. State Farm denies the allegations in paragraph 25 of the Original Petition.

26. State Farm denies the allegations in paragraph 26 of the Original Petition.

27. State Farm denies the allegations in paragraph 27 of the Original Petition.

28. State Farm denies the allegations in paragraph 28 of the Original Petition.

29. State Farm denies the allegations in paragraph 29 of the Original Petition.

30. State Farm denies the allegations in paragraph 30 of the Original Petition.

31. With regard to the allegations in paragraph 31 of the Original Petition, State Farm admits that it received a demand for payment from Plaintiff's counsel on or about December 20, 2022, to which it replied through counsel on or about December 31, 2022. State Farm admits that it has not communicated that any future settlements or payments would be forthcoming. State Farm denies the remaining allegations in this paragraph.

32. State Farm denies the allegations in paragraph 32 of the Original Petition.

33. State Farm denies the allegations in paragraph 33 of the Original Petition.

34. State Farm denies the allegations in paragraph 34 of the Original Petition.

35. State Farm denies the allegations in paragraph 35 of the Original Petition.

36. With regard to the allegations in paragraph 36 of the Original Petition, State Farm admits only that Plaintiff is represented by counsel for the present matter. State Farm denies the remaining allegations in this paragraph.

37. State Farm acknowledges the statement made in paragraph 37 of the Original Petition.

38. State Farm denies the allegations in paragraph 38 of the Original Petition.

39. State Farm denies the allegations in paragraph 39 of the Original Petition.

40. State Farm acknowledges the statement made in paragraph 40 of the Original Petition.

41. State Farm denies that it has engaged in conduct in violation of the Texas Insurance Code, Unfair Settlement Practices as alleged in paragraph 41 of the Original Petition.

42. State Farm denies the allegations in paragraph 42 of the Original Petition.

43. State Farm denies the allegations in paragraph 43 of the Original Petition.

44. State Farm denies the allegations in paragraph 44 of the Original Petition.

45. State Farm denies the allegations in paragraph 45 of the Original Petition.

46. State Farm acknowledges the statement made in paragraph 46 of the Original Petition.

47. State Farm denies that it has engaged in conduct in violation of the Texas Insurance Code, Prompt Payment of Claims as alleged in paragraph 47 of the Original Petition.

48. State Farm denies the allegations in paragraph 48 of the Original Petition.

49. State Farm acknowledges the statement made in paragraph 49 of the Original Petition.

50. State Farm denies that it has engaged in conduct in breach of the common law duty of good faith and fair dealing as alleged in paragraph 50 of the Original Petition.

51. State Farm denies the allegations in paragraph 51 of the Original Petition.

52. State Farm acknowledges the statement made in paragraph 52 of the Original Petition.

53. With regard to the allegations in paragraph 53 of the Original Petition, State Farm admits that Plaintiff is a consumer of goods and/or services. State Farm denies that it has engaged in conduct in violation of the Texas Deceptive Trade Practices Act. State Farm denies the remaining allegations in this paragraph, and each sub-paragraph thereto.

54. State Farm denies the allegations in paragraph 54 of the Original Petition.

55. State Farm acknowledges the statement made in paragraph 55 of the Original Petition.

56. State Farm denies the allegations in paragraph 56 of the Original Petition.

57. State Farm denies the allegations in paragraph 57 of the Original Petition.

58. State Farm denies the allegations in paragraph 58 of the Original Petition.

59. With regard to the allegations in paragraph 59 of the Original Petition, State Farm denies it has engaged in the behavior described, knowingly or otherwise.

60. State Farm denies the allegations in paragraph 60 the Original Petition.

61. With regard to the allegations in paragraph 61 of the Original Petition, State Farm is without sufficient information to know whether or not Plaintiff has made repairs at Plaintiff's property, but denies the repair costs were made "out of pocket," as State Farm made payment(s) to Plaintiff, pursuant to the terms and conditions of Plaintiff's Policy. State Farm denies the remaining allegations in this paragraph.

62. With regard to the allegations in paragraph 62 of the Original Petition, State Farm admits that Plaintiff's current contractor generated an estimate in the amount of $700,842.86, but

denies the accuracy and necessity of the items included in said estimate or that Plaintiff is entitled to the recovery of such amount.

63. State Farm denies the allegations in paragraph 63 of the Original Petition.

64. The allegations in paragraph 64 of the Original Petition do not require a response from State Farm; however, State Farm denies that Plaintiff is entitled to the recovery sought.

65. The allegations in paragraph 65 of the Original Petition do not require a response from State Farm; however, State Farm denies that Plaintiff is entitled to the recovery sought.

66. The allegations in paragraph 66 of the Original Petition do not require a response from State Farm; however, State Farm denies that Plaintiff is entitled to the recovery sought.

67. The allegations in paragraph 67 of the Original Petition do not require a response from State Farm; however, State Farm denies that Plaintiff is entitled to the recovery sought.

68. With regard to the allegations in paragraph 68 of the Original Petition, State Farm admits that the conduct described are violations for which exemplary damages are imposed in the State of Texas to protect it citizens; however, State Farm denies that it has engaged in any such conduct, and denies that Plaintiff is entitled to the recovery sought. State Farm denies the remaining allegations and mischaracterizations in this paragraph.

69. With regard to the allegations in paragraph 69 of the Original Petition, State Farm admits that Plaintiff is represented by counsel for the present matter. State Farm denies the remaining allegations in this paragraph, and denies that Plaintiff is entitled to the recovery sought.

70. The allegations in paragraph 70 of the Original Petition do not require a response from State Farm; however, State Farm denies that Plaintiff is entitled to the recovery sought.

71. State Farm acknowledges that Plaintiff made a jury demand and tendered a jury fee as stated in paragraph 71 of the Original Petition.

72. With regard to the allegations under the section entitled "**PRAYER**," State Farm denies Plaintiff is entitled to recover the relief sought.

## II. AFFIRMATIVE DEFENSES

State Farm intends to comply with the terms and conditions of the policy sued on, and State Farm agrees to pay Plaintiff those monies, if any, to which Plaintiff is legally entitled to recover as covered damages and as determined by the Court and jury. State Farm specifically does not agree to waive any right it has under the policy of insurance sued on herein and insists on its rights as contained in said policy, including all terms, conditions, deductibles, limitations on coverage, and exclusions contained therein.

In addition to, and without waiving any of the foregoing, State Farm asserts the following matters as affirmative defenses:

a. State Farm issued Homeowners Policy Number 53-GC-N396-6 ("the Policy") for policy period April 20, 2022 to April 20, 2023 to Yulai Fu concerning the property located at 200 Las Lomas Drive, West Lake Hills, Texas 78746. Plaintiff's recovery under the Policy is subject to a $4,576,500 limit of liability for the dwelling, a $457,650 limit of liability for other structures, a $3,432,375 limit of liability for personal property, and $1,372,950 for loss of use. The applicable policy deductible is $45,765.

b. State Farm asserts all terms, conditions, deductibles, limitations on coverage, and exclusions set out in the Policy.

c. Pursuant to the following provision of the Policy, coverage is limited to loss which occurs within the time period during which the Policy was in effect:

**SECTION I AND SECTION II – CONDITIONS**

1. **Policy Period.** This policy applies only to loss under Section I … or *property damage* under Section II that occurs during the period this policy is in effect.

9

d.       **Policy Coverage Provisions.**  Under the Policy, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property arising from the reported loss. Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss arising from the reported loss.  The Policy provides:

### SECTION I – LOSSES INSURED

#### COVERAGE A – DWELLING

*We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. Accidental means happening by chance, unexpectedly, and/or unintended from *your* standpoint.  However, loss does not include and *we* will not pay for, any *diminution in value*.

#### COVERAGE B – DWELLING

*We* will pay for accidental direct physical loss to the property described in Coverage B caused by the following perils, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy.  Accidental means happening by chance, unexpectedly, and/or unintended from *your* standpoint.  However, loss does not include and *we* will not pay for, any *diminution in value*.

[. . .]

12. **Abrupt and accidental discharge or overflow** of water, steam, or sewage from within a plumbing, heating, air condition in, or automatic fire protective sprinkler system, or from within a household appliance.

    This peril does not include loss:

    a.  to the system or appliance from which the water, steam, or sewage escaped;

e.       **Payment.**  State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiffs under the Policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit.  State Farm will assert its right to offset and credit for indemnity amounts already paid to Plaintiffs by either State Farm or other third parties.

  f. **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

  g. **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" shown on the Policy declarations and in other clauses contained in the Policy sued upon.

  h. **Normal Wear and Tear/Maintenance.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

**SECTION I – LOSSES NOT INSURED**

> 1. *We* will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
>  […]
>
>  g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
>
>  h. corrosion, electrolysis or rust;
>
> However, *we* will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured as described in this Section.

* * * *

> 3. *We* will not pay for, under any part of this policy, any loss consisting of one or more of the items below.  Further, *we* will not pay for any loss described in paragraph 1. and 2. immediately above regardless of whether one or more of the following:  (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss.
>
>  [. . .]
>
>  b. defect, weakness, inadequacy, fault or unsoundness in:
>   [. . .]
>   (4) maintenance;
>
>   of any property (including land, structures, or improvements of any kind) whether on or off the *residence premises*; or

11

[. . .]

However, *we* will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Loss Not Insured as described in this Section.

i. **Failure of Policy Considerations/Conditions Precedent.** State Farm asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." The Policy states:

### SECTION I – CONDITIONS

2. **Your Duties After Loss**. After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:
   a. give prompt notice to *us* or *our* agent…
   b. protect the property from further damage or loss and also:
      (1) make reasonable and necessary temporary repairs required to protect the property; and
      (2) keep an accurate record of repair expenses;
   c. prepare an inventory of damaged or stolen personal property:
      (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and
      (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;
   d. as often as *we* reasonably require:
      (1) exhibit the damaged property;
      (2) provide *us* with any requested records and documents and allow *us* to make copies.

j. **Loss Settlement Provision/Conditions Precedent: Replacement Cost Benefits.** Plaintiff has not satisfied the conditions precedent under the Policy for the recovery of replacement cost benefits or additional payments. State Farm paid Plaintiff's covered damages under the Coverage A claim per by the Policy's loss settlement provision. The Policy provides in relevant part:

### SECTION I – LOSS SETTLEMENT

Only the **Loss Settlement Provisions** shown in the *Declarations* apply. *We* will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and *we* will not pay, any amount for *diminution in value*.

**COVERAGE A – DWELLING**

1. **A1 – Replacement Cost Loss Settlement – Similar Construction.**

   a. *We* will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the *Declarations*, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE – A DWELLING**, except for wood fences, subject to the following:

      (1) until actual repair or replacement is completed, *we* will pay only the *actual cash value* of the damaged part of the property, up to the applicable limit of liability shown in the *Declarations*, not to exceed the cost to repair or replace the damaged part of the property.

      (2) when the repair or replacement is actually completed, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the *Declarations*, whichever is less;

      (3) to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to *us* after the work has been completed; and

**COVERAGE B – PERSONAL PROPERTY**

1. **B1 – Limited Replacement Cost Loss Settlement.**

a. *We* will pay the cost to repair or replace property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY**, except for property listed in item b. below, subject to the following:

   (1) until actual repair or replacement is completed, *we* will pay only the *actual cash value* of the damaged part of the property;

   (2) after repair or replacement is completed, *we* will pay the difference between the *actual cash value* and the cost *you* have actually and necessarily spent to repair or replace the property; and

   (3) if property is not repaired or replaced within two years after the date of loss, we will pay only the actual cash value.

   [. . .]

However, *we* will not pay an amount exceeding the smallest of the following for items a. and b. above:

13

>> (1) *our* cost to replace at the time of loss;
>> (2) the full cost of repair;
>> (3) any special limit of liability described in this policy; or
>> (4) any applicable Coverage B limit of liability.

State Farm properly and timely issued payment to Plaintiff for the full actual cash value of covered damages. Plaintiff has not provided notification to State Farm that repairs to the property are complete, nor has Plaintiff requested the replacement cost benefits available to Plaintiff under the State Farm Policy, provided documentation of repairs to the property or otherwise complied with the conditions precedent under the Policy related to the issuance of replacement cost benefits. Thus, Plaintiff's claim fails due to Plaintiff's failure to meet a condition precedent to recovery of replacement cost benefits.

> k.    Plaintiff failed to comply with the following Conditions of the Policy:
>
>> **SECTION I – CONDITIONS**
>>
>> [. . .]
>>
>> **6. Suit Against Us.** No suit or action can be brought unless:
>>> a. there has been compliance with the policy provisions;
>>> b. except as provided in item c. below, suit or action brought against *us* is started within two years and one day after the cause of action accrues; and
>
> l.    Payment for Plaintiff's claim under the Policy is subject to the following conditions:
>
>> 8. **Loss Payment**. *We* will adjust all losses with *you*. *We* will pay *you* unless some other person is named in the policy or is legally entitled to receive payment.
>>
>> […]
>>
>> 10. **Mortgage Clause** (without contribution).
>>
>> […]
>>> b. *We* will pay for any covered loss of or damage to buildings or structures to the mortgagee shown in the *Declarations* as interests appear.

m. **_Bona Fide_/Legitimate Dispute.** A *bona fide* and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

n. **No Waiver.** Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid." State Farm made no such waiver in this case.

o. **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code §41.001, *et. seq.*, applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

p. **Written Notice of Claim.** State Farm specifically denies that Plaintiff provided it with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, Plaintiff is barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and State Farm specifically denies that it was under

15

any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

q.   State Farm pleads the limitations on Plaintiff's possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiff not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm further pleads all other limitations on Plaintiff's possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

r.   Plaintiff failed to provide State Farm with "notice of claim" pursuant to Sections 542.051(4) and 542.055(a) of the Texas Insurance Code.

s.   Plaintiff failed to provide State Farm with the written notice required by Sec. 541.154 of the Texas Insurance Code and Sec. 17.505 of the Texas Business and Commerce Code.

t.   State Farm pleads the limitations on Plaintiff's possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiff not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm further pleads all other limitations on Plaintiff's possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

u.   Plaintiff's claim for attorney's fees is barred in whole or in part by the doctrine of excessive demand.  Alternatively, Plaintiff is not entitled to attorney fees for their breach of

contract claim because Plaintiff did not present the claim as required by Section 38.002 of the Texas Civil Practices & Remedies Code.

v.   Plaintiff cannot prevail on his extra-contractual claims unless and until Plaintiff proves that State Farm has committed a material breach of the Policy; Plaintiff has not proven that State Farm has committed a material breach of the Policy.

w.   Plaintiff failed to comply with all conditions precedent to Plaintiff's right to recover under the homeowner's insurance policy in that Plaintiff failed to prove that the alleged loss was a covered loss, or Plaintiff failed to segregate the portion of the alleged loss which Plaintiff claims was covered from the portion of the alleged loss which Plaintiff does not assert was covered as required under the doctrine of concurrent causation.

x.   Plaintiff's own delays, actions, and omissions in prosecuting this action – which should not inure to Plaintiff's financial benefit – have tolled the accrual of penalty interest under Texas Insurance Code Chapter 542.  Additionally, under equitable principles, Plaintiff has waived, forfeited, is estopped from asserting, and has otherwise relinquished Plaintiff's entitlement to an 18% penalty under Texas Insurance Code Chapter 542 or any other delay-based or time-based penalty or interest due to Plaintiff's own discretionary delays and inaction in pursuing relief.

y.   State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

z.   Pursuant to §33.003 of the Texas Civil Practice & Remedies Code, as to Plaintiff's claim for a breach of the duty of good faith and fair dealing, State Farm requests that the trier of fact determine the percentage of responsibility for the Plaintiff with respect to Plaintiff causing or contributing to cause in any way the alleged harm for which recovery is sought.

aa.     State Farm pleads the limitations on exemplary damages contained in the Texas Civil Practices and Remedies Code, Title 2, §41.001, *et. seq*. With respect to Plaintiff's claim for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002-41.009.

bb.     Unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully prays for a judgment that Plaintiff take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:    (210) 227-2200
Facsimile:     (210) 227-4602
dstephens@lsslaw.com
bnichols@lsslaw.com


By: _____
    David R. Stephens
    State Bar No. 19146100
    *Attorney-in-Charge*
    Benjamin C. Nichols
    State Bar No. 24032786

COUNSEL FOR STATE FARM LLOYDS


### CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing Defendant State Farm Lloyds' First Amended Answer and Affirmative Defenses was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court on this _____ day of **October, 2023**, addressed to those who do not receive notice from the Clerk of the Court.

Chad T. Wilson
Donald C. Green II
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com


_____
David R. Stephens / Benjamin C. Nichols

19